CLAY, Circuit Judge,
concurring in the judgment.
Because Petitioner Kevin Keith is not entitled to prevail based on the issues currently before this Court, I concur in the judgment. Nonetheless, I would be remiss if I failed to comment about the ongoing difficulties and causes for concern underlying the course of litigation in this ease. I have previously expressed my views regarding Petitioner’s entitlement to relief in prior appeals. See Keith v. Bobby, 551 F.3d 555, 559 (6th Cir.2009) (Clay, J., dissenting); Keith v. Mitchell, 466 F.3d 540, 540 (6th Cir.2006) (Clay, J., dissenting from denial of rehearing en banc); Keith v. Mitchell, 455 F.3d 662, 679 (6th Cir.2006) (Clay, J., concurring in part and dissenting in part). Consequently, I will not reiterate my position or the evidence in the record supporting Petitioner’s claim that he is actually innocent of the offenses for which he has been condemned to death; the evidence suggesting Petitioner’s innocence has been described in my January 13, 2009 dissent in this matter. Keith, 551 F.3d at 560-62. Unfortunately, it has not been possible to persuade the panel majority or the en banc Court that the evidence suggesting Petitioner’s innocence or the legal errors committed during the state court trial justify granting Petitioner relief from execution. Petitioner is currently scheduled to be executed on September 15, 2010. Even if our jurisprudence has thus far failed to expressly recognize that an innocent person has a constitutional right not to be executed, it is deplorable that this Court has failed and refused in this case to consider and properly address Petitioner’s legal arguments in a manner indicating that the Court recognizes that “death is special.”